# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2718
Lower Tribunal No. 10-278-A-P
_____

**Noah Mitchell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Ruth L. Becker, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kayla H. McNab, Assistant Attorney General, for appellee.

Before EMAS, C.J., and LOGUE and HENDON, JJ.

HENDON, J.

The defendant, Noah Mitchell, appeals from his conviction and sentence for one count of felony animal cruelty, arguing that the trial court violated his Sixth Amendment right to fully cross-examine the State's only eyewitness. For the reasons that follow, we disagree.

The defendant was charged with and convicted of one count of felony animal cruelty involving his dog, a seven-month old Labrador Retriever. During trial, the defendant sought to cross-examine the State's only eyewitness as to his prior arrest for aggravated assault upon a neighbor. The defense proffered that the arrest for aggravated assault occurred after the eyewitness assaulted his neighbor and the eyewitness accused his neighbor of abusing an animal. However, when the police arrived, the police determined that the accusation of animal abuse was unfounded and arrested the eyewitness for aggravated assault. During the defendant's cross-examination of the eyewitness, although the trial court did not permit the defense to cross-examine the eyewitness as to his arrest for aggravated assault upon his neighbor, the jury did learn that this was not the first time that the eyewitness had accused someone of abusing an animal, and on that prior occasion, the accusation was false.

The defendant contends that the trial court erred by not permitting him to cross-examine the State's eyewitness as to his arrest for aggravated assault upon his neighbor. As there was no basis to admit the eyewitness' prior unrelated arrest for

aggravated assault, we disagree.

Section 90.610(1), Florida Statutes (2018), provides: "A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment . . . ." In the instant case, although the State's eyewitness was arrested for aggravated assault, he was not convicted. Therefore, there is no basis to admit his arrest for aggravated assault under section 90.610(1). Finally, error, if any, was harmless beyond a reasonable doubt as the jury did learn that the State's eyewitness had previously falsely accused another person of animal abuse. Second, testimony from the veterinarian reflects that the injuries to the defendant's dog were extensive and life threatening—collapsed lungs and several broken ribs—which injuries are consistent with trauma, not from being dropped a few feet from the ground. Accordingly, we affirm the defendant's conviction and sentence for felony animal cruelty.

Affirmed.